JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Yoson Porter appeals from his conviction after a bench trial for trafficking in marijuana.
 {¶ 2} Porter challenges his conviction on the basis it is supported by neither sufficient evidence nor the weight of the evidence. Since this court disagrees, his conviction is affirmed.
 {¶ 3} Porter's conviction results from a "reverse sting" operation conducted by members of the Cleveland Police Department's Fifth District "Freshstart" Unit on October 18, 2001. This unit typically responds to complaints of drug sales.
 {¶ 4} The officers had established the operation that night at an apartment complex located at 9360 Amesbury Avenue. A few of them loitered at the front of the building. Often, vehicles would park in the lot, the occupants would ask the undercover officers about drugs, and the officers would direct the occupants to the rear of the parking lot. At the rear of the parking lot, in the secluded area where the department building's dumpster had been placed, other members of the unit hid.
 {¶ 5} When the persons directed to those officers inquired about drugs, the inquirers at that time would be informed of the identity of the persons they had solicited; an arrest would be made if the circumstances warranted one.
 {¶ 6} At approximately 10:55 p.m., a man later identified as Porter approached the dumpster in the company of the undercover officers. Porter began to urinate, and when he had finished, Officer John Hupka seized him. Hupka smelled the strong odors of PCP and marijuana surrounding Porter. A pat-down search of Porter led to Hupka's discovery in Porter's inside coat pocket of fourteen small plastic bags containing marijuana. The total weight of the material later was measured as 10.83 grams.
 {¶ 7} Porter subsequently was indicted on one count of violation of R.C. 2925.03, trafficking in marijuana in an amount less than two hundred grams. He elected to have his case tried to the bench.
 {¶ 8} The state presented Hupka's testimony, along with the bags of marijuana seized from Porter and the results of the forensic analysis. The trial court thereafter found Porter guilty of the offense. Following a presentence investigation and report, Porter was sentenced and sanctioned with five years of conditional community control.
 {¶ 9} He presents the following two assignments of error for review:
 {¶ 10} "The evidence was insufficient as a matter of law to support Mr. Porter's conviction for trafficking in drugs under R.C. 2925.03(A)(2).
 {¶ 11} "Mr. Porter's conviction was against the manifest weight of the evidence."
 {¶ 12} Porter argues that his conviction is unsupported by either sufficient evidence or the weight of the evidence. He therefore contends the trial court erred in overruling his motions for acquittal and his conviction should be reversed. Porter's argument lacks merit.
 {¶ 13} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crimes has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 14} With regard to an appellate court's function in reviewing the weight of the evidence, the relevant analysis is whether a review of the entire record demonstrates the factfinder clearly lost its way in resolving conflicts in the evidence, such that a manifest miscarriage of justice occurred. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 15} Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} In this case, Hupka testified that in his fifteen years as a police officer he had made nearly 1,000 arrests for narcotics violations. He further stated he was familiar with the distinctive odors of PCP and marijuana that surrounded Porter.
 {¶ 17} Hupka testified that the small plastic bags of marijuana Porter possessed appeared to be "nickel bags" which were intended for resale. Hupka based his perception on his experience, since he had observed that someone intending a total amount of over 10 grams of marijuana for only personal use would purchase it in a single "quarter ounce bag" rather than in fourteen small ones.
 {¶ 18} Porter stipulated the substance in the bags was 10.83 grams of marijuana. At the conclusion of Porter's trial, moreover, the trial court specifically stated it considered Hupka's testimony to be believable.
 {¶ 19} This court cannot find, therefore, Porter's conviction was unsupported by either sufficient evidence or the weight of the evidence.State v. Studgions (May 31, 2001), Cuyahoga App. No. 78307; State v.Moronta (August 25, 1995), Cuyahoga App. No. 67967.
 {¶ 20} Accordingly, Porter's assignments of error are overruled.
 {¶ 21} Porter's conviction and sentence are affirmed.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J. CONCURS TERRENCE O'DONNELL, J. DISSENTS.